IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELOISA CHAPARRO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 2659 |
| ) | |
| CITY OF CHICAGO, ILLINOIS, BRIAN RONEY, ) | |
| JAMES WASHBURN, RON BONADURER, and ) | |
| OTHER JOHN DOE OFFICERS OF THE ) | |
| CHICAGO POLICE DEPARTMENT, each ) | |
| individually and in their official capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Eloisa Chaparro's First Amended Complaint (Dkt. No. 15) alleges that defendants Brian Roney and Ron Bonadurer violated her right to equal protection under 42 U.S.C. § 1983 (Counts I, II, and IV), that defendants James Washburn and the City of Chicago (the "City") violated her right to equal protection under § 1983 (Counts III and IV), that Roney, Bonadurer, Washburn, and the City are liable to her under Title VII of the Civil Rights Act of 1964 for sex discrimination (Count V), sexual harassment (Count VI), and retaliation (Count VII), that the City is liable to indemnify the individual defendants (Count VIII), that Roney and Bonadurer are liable to her for assault (Count IX), and that Roney, Bonadurer, Washburn, and the City are liable to her for intentional infliction of emotional distress (Count X).

Before the court are the motions to dismiss filed by defendants Washburn and the City (Dkt. No. 25) and Roney and Bonadurer (Dkt. No. 32). Washburn moves to dismiss Counts III, IV, V,

VI, VII, and X against him. The City moves to dismiss Counts IV, V, VII, VIII, and X against it. Roney and Bonadurer move to dismiss Counts I, II, IV, V, VI, VII, IX, and X against them. In her response, Chaparro has voluntarily withdrawn Count VIII (Dkt. No. 34, at 10), which is dismissed without prejudice.

For the reasons stated below, the motion of the City and Washburn (Dkt. No. 25) is granted in its entirety. Counts IV, V, VII, and X against the City are dismissed with prejudice, and Counts III, IV, V, VI, VII, and X against Washburn are dismissed with prejudice. Roney and Bonadurer's motion to dismiss (Dkt. No. 32) is granted in part, and Counts IV, V, VI, VII, IX, and X against Roney and Bonadurer are dismissed with prejudice. Counts I and II against Roney and Bonadurer in their official capacity are also dismissed with prejudice. The only remaining counts are Counts I and II against Roney and Bonadurer in their individual capacity and Counts III and VI against the City.

BACKGROUND

The following facts are drawn from Chaparro's complaint. Chaparro has been an employee of the Chicago Police Department ("CPD") since 1988. First Am. Compl ¶ 1. The alleged sexual discrimination occurred in 2009, when Chaparro was working with the Organized Crime Division under Sergeant James Washburn. *Id.* ¶¶ 1, 4. According to Chaparro, in March of 2009, Brian Roney and Ron Bonadurer, two of her co-workers, placed the word "Dildo" on the refrigerator Chaparro used to store her lunch. *Id.* ¶¶ 17, 24. In June of 2009, Roney asked Chaparro to view a video of a police shooting in the media room. *Id.* ¶ 17. When she obliged, however, Roney showed her graphic pornography instead. *Id.* Several months later, in October of 2009, Bonadurer set a picture of a penis as the background of one of the computers at the office and forced Chaparro to

view it. *Id.* ¶ 24.

On October 8 and 13, 2009, Chaparro complained to Sergeant Washburn about those three incidents of sexual harassment. *Id.* ¶ 34. In response, Washburn told Chaparro that he would take care of it, that he would talk to her later, and that she should go home, but did nothing else to prevent further acts of harassment. *Id.* ¶ 35. Chaparro alleges that, as a result of her complaint, "the Defendants [(she does not specify which ones)] went out of their way to make the Plaintiff's job more difficult by continuing to harass, threaten and ostracize her." *Id.* at ¶ 72. Specifically she alleges that later in October, the defendants drew an erect penis on Chaparro's CPD car while it was parked in the CPD garage, and again while it was parked outside of her house. *Id.* ¶ 52. In addition, she alleges that in November 2009 the defendants placed a toy gun on her desk in a threatening manner. *Id.* ¶ 65.

## ANALYSIS

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## I. Counts I and II

Counts I and II allege that Bonadurer and Roney are liable under § 1983 for sexually harassing Chaparro and thus violating her right to equal protection. The counts are both brought against the defendants in the "official and individual capacities." First Am. Compl. (headings to Counts I and II). Chaparro's claims in the official capacity must be dismissed, however, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," so it "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Counts III and IV already allege a § 1983 complaint against the City for an equal protection violation based on the same underlying events, so Counts I and II against Bonadurer and Roney in the official capacity are redundant with Counts III and IV against the City.

Counts I and II against Bonadurer and Roney in the individual capacity should not be dismissed, however. To make out a violation of the equal protection clause under §1983, Chaparro must allege that "1)[s]he is a member of a protected class; 2) [s]he was similarly situated to individuals not of the protected class; 3) [s]he was treated differently than those similarly-situated individuals; and 4) those who treated h[er] differently acted with discriminatory intent." *Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 416 F. Supp. 2d 612, 617 (N.D. Ill. 2006) (citing *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944 (7th Cir. 1996)). Bonadurer and Roney argue that

Chaparro failed to allege that she was similarly situated to individuals not in the protected class, and that she was treated differently than the similarly situated individuals.

Bonadurer and Roney are correct that Chaparro did not specifically allege those elements of her claim, but the deficiency is not fatal. Chaparro's claim is that she was subject to sexual harassment, which is a specialized type of equal protection claim. *See Bohen v. City of E. Chi.*, 799 F.2d 1180, 1185 (7th Cir. 1986) (noting "that [sexual] harassment constitutes sex discrimination in violation of the equal protection clause and is actionable under § 1983"). The type of sexual harassment alleged is by its nature usually directed against women, so one can infer from Chaparro's complaint that she was treated differently than the men in her unit who held a position similar to hers. As the Second Circuit has reasoned, "[p]erhaps some public employers sexually harass both men and women, but until an employer has the audacity to advance such a defense, sexual harassment of women constitutes disparate treatment because of gender, and is actionable under Section 1983." *Saulpaugh v. Monroe Comm. Hosp.*, 4 F.3d 134, 144 (2d Cir. 1993). Consequently, the allegation of sexual harassment against Chaparro, a woman, is sufficient to make out an equal protection claim.

Bonadurer and Roney also contend that the March 2009 incident occurred more than two years before Chaparro filed her complaint on April 20, 2011, and that the portion of the complaint based on that incident is barred by Illinois's two-year statute of limitations for personal-injury torts. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (the statute of limitations for a § 1983 claim is the statute of limitations for personal-injury torts in the state in which the cause of action arose); *Farrell v. McDonough*, 966 F.2d 279, 281 (7th Cir. 1992) (same); *see also* 735 Ill. Comp. Stat. 5/13-202 (personal-injury torts statute of limitations is two years in Illinois).

Although the statute of limitations is determined by Illinois law, however, the determination of when the cause of action accrued is made under federal law. *Del. State Coll. v. Ricks*, 449 U.S. 250 (1980). Federal law applies the continuing violation doctrine, which "allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period." *Garrison v. Burke*, 165 F.3d 565, 569 (7th Cir. 1999). Under the continuing violation doctrine in sexual harassment cases,

> [a]cts that fall outside the statute of limitations may be joined to an act within the statute only if a reasonable person in the position of the plaintiff would not have known, at the time the untimely acts occurred, that she had a claim; rather, she could only tell by hindsight that the untimely acts represented the early stages of harassment.

*Id.* at 569-70. Moreover, "in order for various acts of sexual harassment to be joined together into a single claim (for the purposes of the statute of limitations) the various acts must be reasonably close to each other, in time and circumstances." *Id.* at 570.

Here, Chaparro has alleged that in March the defendants placed the word "Dildo" on the refrigerator that she uses to store her lunch. The next event in the chain of alleged sexual harassment occurred three months later in June. The court declines to conclude at the pleading stage that the March incident was sufficient to alert Chaparro to the existence of a sexual harassment claim. If others use the same refrigerator, for example, it would be far from obvious that the offending word was directed at her. Moreover, the three-month gap between the March incident and the June incident, which occurred in the same office and involved the same individuals, is sufficiently close in time and circumstances to apply the continuing violation doctrine. *See id.* (finding that a two-year gap between incidents was not sufficient to apply the continuing violation doctrine). Accordingly, the court concludes that the March incident is not barred by the statute of

limitations. The motion to dismiss Counts I and II against Roney and Bonadurer in the individual capacity is therefore denied.

## II.    Counts III & IV Against the Individual Defendants

Count III alleges that the City of Chicago and James Washburn in his "official capacity" violated 42 U.S.C. § 1983 by discriminating against Chaparro on the basis of sex. Count IV alleges that the City of Chicago and the "Defendants in the official capacity" violated § 1983 by denying Chaparro equal protection of the law. As explained above, however, a suit against an official in his official capacity is equivalent to a suit against the entity of which the official is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Consequently, Chaparro's claims in Counts III and IV against the individual defendants are redundant with her claims against the City. Count III against Washburn is thus dismissed, as is Count IV against Washburn, Roney, and Bonadurer.

## III.   Count IV Against the City:

Count IV alleges that the City of Chicago is liable under 42 U.S.C. § 1983 because it violated the equal protection clause in its treatment of Chaparro. A municipality can be liable under § 1983 in only three ways:

> (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority."

*Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)). Chaparro's complaint implicates (1) and (2) because she alleges that the City violated § 1983 through its "actions, policies, employment practices, and conduct directed at the Plaintiff and other female employees." First Am. Compl. ¶ 45. Despite her reference to "policies,"

Chaparro has not alleged the existence of an express policy causing the discrimination. The court thus concludes that her complaint about the City's express policies refers to "[a] second way of complaining about an express policy," which "is to object to omissions in the policy." *Calhoun*, 408 F.3d at 380. To succeed in showing an omission in the City's policy, or to succeed under (2) by showing a widespread practice or custom, however, Chaparro must provide "more evidence than a single incident to establish liability." *Id.* A single isolated incident, which may be a random event rather than the result of the City's policies, is insufficient.

Here, Chaparro has not alleged any incidents, apart from the City's response to her complaint, demonstrating that the City has a policy or custom to allow discrimination against female employees. Instead, her complaint includes only conclusory allegations that such a custom or practice exists. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the plaintiff's pleading burden, however. *Iqbal*, 129 S. Ct. at 1949. Consequently, Count IV against the City will also be dismissed.

### III.  Counts V, VI, and VII

Counts V, VI, and VII allege that the "defendants" (Chaparro does not indicate which ones) violated Title VII. A plaintiff cannot recover for a Title VII claim against an individual, who is not an "employer" under Title VII. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *see also Jacobeit v. Rich Tp. High Sch. Dist.*, 673 F. Supp. 2d 653, 659 (N.D. Ill. 2009) (Holderman, C.J.). Consequently Counts V, VI, and VII are dismissed as to Washburn, Roney, and Bonadurer.

The City also moves to dismiss Counts V and VII against the City. Count V alleges a violation of Title VII for sex discrimination. Under Title VII, it is unlawful for an employer with more than 15 employees "to discriminate against any individual with respect to

his . . . conditions . . . of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). In this case, Chaparro alleges that the City discriminated against her by creating a hostile work environment through sexual harassment. First Am. Compl. ¶ 51. That allegation is identical to Chaparro's allegation of sexual harassment under Title VII in Count VI. *See* First Am. Compl. ¶ 64; *see also DeClue v. Cent. Ill. Light Co.*, 223 F.3d 434, 437 (7th Cir. 2000) (under Title VII, sexual harassment "is a form of . . . sex discrimination"). Moreover, both Count VI and Count V rest on the same underlying incidents. Consequently, the court will dismiss Count V against the City because it is redundant with Count VI.

Count VII alleges that the City violated Title VII by retaliating against Chaparro after she complained to Washburn. Title VII prohibits an employer from "discriminat[ing] against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3.

Before the court may consider a Title VII claim, including a claim of retaliation, however, "the party must file a charge with the EEOC within the period of time allotted by the statute" and "the Commission must issue a right to sue letter." *Rush v. McDonald's Corp.*, 966 F.2d 1004, 1110 (7th Cir. 1992). Moreover, "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." *Id.* Specifically, Title VII claims are cognizable only if they are "'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted). Here, the City contends that Chaparro's retaliation claim should be dismissed because the charge Chaparro filed with the EEOC included only a claim of discrimination, not a retaliation charge.

"Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or

reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (citation omitted). The only exception to that rule is that different claims may be linked "where they are 'so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purpose of the Act.'" *Id.* (citation omitted).

Here, Chaparro failed to check the box on the charge indicating that she was suing for retaliation. Dkt. No. 1 ("Compl."), Ex. A. Moreover, nothing in the events she recited in the charge indicated that she intended to bring a retaliation claim. Indeed, her charge recited only the allegedly discriminatory events that occurred before she complained to Washburn. *Id.* Chaparro argues that her general statement that "I complained about the sexual harassment and it continued," *id.*, indicates that she was pointing to retaliation. Her statement does not, however, indicate that the discrimination continued *because of* her complaint, but instead merely that it continued. The charge thus describes only discrimination based on sex, not retaliation. Moreover, the charge of retaliation is not closely intertwined with the discrimination charge, as the alleged harassment occurring after Chaparro's discussion with Washburn took place several months after most of the events in the charge. Consequently, Count VII against the City is dismissed.

### IV. Counts IX and X

Finally, Bonadurer and Roney move to dismiss Count IX, Chaparro's assault claim against them, and all of the defendants move to dismiss Count X, Chaparro's claim against the City, Roney, Bonadurer, and Washburn for the intentional infliction of emotional distress. Both claims arise under Illinois tort law. In Illinois, "[t]he limitations period for tort claims, such as intentional

infliction of emotional distress, against governmental entities and their employees . . . is only one year pursuant to 745 ILCS 10/8-101." *Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006). The conduct in Chaparro's complaint occurred in March, June, October, and November of 2009, but Chaparro did not file the complaint until April 20, 2011, more than a year later. Chaparro argues that her late filing should be allowed because she could not sue under Title VII until she received her right to sue letter from the EEOC. That argument is without merit, however, because Chaparro could have brought her other claims and asked the court to stay the proceedings until the Title VII administrative process was complete, and then amended her complaint to add a Title VII claim. *See Czarniecki v. City of Chi.*, 633 F.3d 545, 550 (7th Cir. 2011). Counts IX and X are dismissed as to all defendants.

## CONCLUSION

For the reasons listed above, the motion of the City and Washburn to dismiss (Dkt. No. 25) is granted in its entirety, and the motion of Roney and Bonadurer to dismiss (Dkt. No. 32) is granted in part. Count VIII against the City, having been withdrawn by plaintiff Chaparro, is dismissed without prejudice. Counts IV, V, VII, and X against the City are dismissed with prejudice. Counts III, IV, V, VI, VII, and X against Washburn are dismissed with prejudice. Counts IV, V, VI, VII, IX, and X against Roney and Bonadurer are dismissed with prejudice. Counts I and II against Roney and Bonadurer in their official capacity are also dismissed with prejudice. The only remaining counts are Counts I and II against Roney and Bonadurer in their individual capacity and Counts III and VI against the City. The defendants' answer is due January 26, 2012. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before February 9, 2012. The case is set for status and entry of a scheduling order at 9:00 AM on February 14, 2012. The parties are encouraged

to discuss settlement.

ENTER:

_____

JAMES F. HOLDERMAN

Chief Judge, United States District Court

Date: January 12, 2012